UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x **MEMORANDUM AND ORDER**

DANIEL PEREZ ALONSO,                                       Case No. 11-CV-0998 (FB)

                          Petitioner,

      -against-


UNITED STATES OF AMERICA,

                          Respondent.

------------------------------------------------------------x

*Appearances:*
*For the Petitioner:*
DANIEL PEREZ ALONSO, *pro se*
#70717-053
FCI Allenwood Low Federal Correctional
Institution
P.O. Box 1000
White Deer, PA 17887

*For the Respondent*:
LORETTA LYNCH, ESQ.
United States Attorney
Eastern District of New York
BY:    SEAN C. FLYNN, ESQ.
         Assistant United States Attorney
610 Federal Plaza
Central Islip, NY 11722

**BLOCK, Senior District Judge:**

        Petitioner Daniel Perez Alonso, appearing pro se, seeks to vacate his sentence

pursuant to 28 U.S.C. § 2255. For the reasons that follow, his petition is denied.

# I

        Following his guilty plea to a twenty-seven count superceding indictment, Alonso

was convicted of conspiracy to commit sex trafficking and related crimes.[1] *See* 18 U.S.C. §§ 371,

1591, 1589, 2421; 8 U.S.C. §§ 1328, 1324. The Court sentenced him to 300 months' imprisonment,

to be followed by five years of supervised release, and a special assessment of $2,700. The

Second Circuit affirmed Alonso's conviction and sentence following his appeal. *See United States*

---

[1]The offenses included conspiracy to engage in sex trafficking, sex trafficking, attempted
sex trafficking, transportation for purposes of prostitution, importing aliens for immoral
purposes, and alien smuggling.

*v. Carreto*, 583 F.3d 152 (2d Cir. 2009). In its decision, the appellate court affirmed the Court's denial of Alonso's motion to withdraw his guilty plea, finding that the plea was taken "knowingly and voluntarily," and also found that the Court did not abuse its discretion in denying petitioner's request to substitute pre-trial counsel. *Id.* at 157-59. The Supreme Court denied Alonso's petition for a writ of certiorari. *See Alonso v. United States*, 130 S.Ct. 1555, 1555 (2010).

In bringing this § 2255 petition, Alonso claims that he was provided with ineffective assistance of counsel by three different attorneys who represented him during various stages of his criminal case. Alonso first claims that attorney Allen Lashley, counsel during the plea stage, was ineffective in failing to: (1) request a withdrawal of the indictment; (2) challenge petitioner's participation in the conspiracy; (3) file a suppression motion; (4) investigate when petitioner entered the United States; and (5) withdraw from representing him. Alonso next contends that attorney Charles Hochbaum, who represented petitioner during the sentencing phase, was ineffective in failing to present exculpatory evidence concerning Alonso's participation in the sex trafficking crimes, and in not challenging information in the PSR relating to the same. Finally, petitioner claims that his attorney on appeal, Stephanie Carvlin, was ineffective for failing to argue that the Court erred in not making an independent evaluation of the limited duration of petitioner's participation in the conspiracy. Petitioner also argues that Carvlin should have presented additional facts in support of his argument that the Court erred in denying his motion to withdraw the guilty plea.

## II

To prevail on his ineffective assistance of counsel claims, Alonso must show "(1)

that [each] attorney's performance fell below an objective standard of reasonableness, and (2) that as a result he suffered prejudice." *United States v. Jones*, 482 F.3d 60, 76 (2d Cir. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "A reviewing court must indulge a strong presumption that counsel's [performance] falls within the wide range of reasonably professional assistance." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004). Prejudice is shown only if "there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different." *Wiggins v. Smith*, 539 U.S. 510, 534 (2003).

a.      **Allen Lashley**

Alonso first argues that attorney Allen Lashley provided ineffective assistance during the plea stage of the criminal litigation. Specifically, petitioner initially claims that Lashley should have done the following: (1) requested that the indictment be "withdrawn" because the crimes contained within it contained multiple counts; (2) investigated and challenged the length of time that petitioner was involved in the conspiracy; (3) filed a suppression motion;[2] and (4) withdrawn from representing Alonso due to a conflict of interest and petitioner's desire for new counsel.[3]

Notably, all of petitioner's ineffective assistance of counsel claims directed against Lashley relate to the legal assistance provided by counsel prior to petitioner's guilty plea. However, "[a] defendant who pleads guilty unconditionally while represented by counsel may

_____

[2]Petitioner does not identify the evidence that should have been suppressed.

[3]As the Second Circuit discussed in its affirmance, at the time of petitioner's guilty plea he informed the Court that he was satisfied with Lashley's representation. *See* Transcript of Pleadings at 40-41; *Carreto*, 583 F.3d at 159 n.2.

not assert independent claims relating to events occurring prior to the entry of the guilty plea." *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir.1996); *see also Vasquez v. Parrott*, 397 F. Supp. 2d 452, 463 n.5 (S.D.N.Y. 2005) ("[C]laims of ineffective assistance of counsel relating to events prior to the plea that do not impact the voluntariness of the plea do not survive a guilty plea."). Thus, an individual "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within acceptable standards." *Coffin*, 76 F.3d at 497 (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)); *see also Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) ("An ineffective assistance of counsel claim survives the guilty plea . . . only where the claim concerns the advice the defendant received from counsel.") (citing *United States v. Torres*, 129 F.3d 710, 715-16 (2d Cir. 1997)). Petitioner does not claim that he received erroneous advice from Lashley such that his guilty plea was either involuntary or unintelligent.

Likewise, Alonso does not claim that were it not for Lashley's representation at the time of his plea, he "would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) (prejudice requires that petitioner demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). For these reasons, petitioner has not demonstrated that he received ineffective assistance of counsel from Lashley during the plea stage of his criminal case.

**b. Charles Hochbaum**

Alonso next contends that attorney Charles Hochbaum, who represented petitioner during the sentencing phase, was ineffective in failing to present exculpatory evidence during

sentencing, and in failing to challenge information in the Pre-Sentence Investigation Report concerning petitioner's involvement in the sex trafficking crimes. Specifically, petitioner first contends that Hochbaum provided ineffective assistance of counsel in not presenting several Mexican trial transcripts ("transcripts") that were gathered by private investigator William Acosta, which purportedly called into question Alonso's participation in the crimes. Contrary to Alonso's argument, the record reflects that Hochbaum introduced these transcripts as evidence during petitioner's sentencing, and the Court both accepted and marked them so that they became an official part of the proceeding.[4] *See* Transcript of Sentencing at 6, 17-20. Alonso also claims that Hochbaum rendered ineffective assistance by not asking that Acosta be permitted to testify. However, petitioner's claim fails because counsel for co-defendant Gerardo Flores Correto made this request, which the Court denied, during the joint sentencing proceeding. *See* Transcript of Sentencing at 70.

Petitioner also claims that Hochbaum was ineffective in failing to challenge information in the Pre-Sentence Investigation Report concerning the duration of Alonso's participation in the sex trafficking conspiracy. He asserts that Hochbaum erred by not arguing that, despite Alonso's guilty plea to his participation in a sex trafficking conspiracy lasting from 1991 to 2004, petitioner did not actually participate in the conspiracy for that entire time period. The record again contradicts petitioner's ineffective assistance of counsel claim. First, Hochbaum made this very argument in Alonso's pre-sentence memorandum. *See* Opp'n Br. Ex. C at 6.

---

[4]In its affirmance, the Second Circuit noted that these transcripts had been "brought to the district court's attention at sentencing [but] did not warrant withdrawal of the plea . . . [as they] did not alter the fact that [Alonso] had knowingly and voluntarily pled guilty to the charges against [him]." *Carreto*, 583 F.3d at 158.

5

Likewise, during petitioner's sentencing Hochbaum engaged in a lengthy colloquy with the Court on this topic, contending that Alonso could not have participated in the conspiracy for all 13 years because he would have been just 12 years old when it began. *See* Transcript of Sentencing at 147-53, 179, 194. The Court in turn acknowledged this argument, finding that "[Alonso] certainly wasn't involved through the length of the conspiracy as perhaps the others were . . . I'm looking at Mr. Alonso in somewhat of a different light because I don't think his role was quite the same as the others." *See id.* at 176-77, 194 ("[Alonso] was 17 or 18 years old when he got involved"). Ultimately the Court sentenced petitioner to a term of 300 months — well below the advisory guideline range of 360 months to life imprisonment.[5] In light of the foregoing, petitioner cannot demonstrate that Hochbaum's actions were unreasonable or that he suffered prejudice as a result of such actions.

c.     **Stephanie Carvlin**

Finally, Alonso argues that his appellate attorney Stephanie Carvlin provided ineffective assistance of counsel by failing to raise several arguments on appeal to the Second Circuit. First, petitioner claims that Carvlin should have presented additional facts in support of petitioner's argument that the Court erred in denying his motion to withdraw the guilty plea. However, petitioner fails to identify any specific facts that Carvlin did not present to the appellate court. Next, petitioner claims that Carvlin was ineffective when she did not argue that the Court erred by not considering the limited duration of his participation in the conspiracy. As previously explained, the Court specifically acknowledged that Alonso did not appear to

---

[5]Alonso's co-defendants, Josue Flores Carreto and Gerardo Flores Carreto, were sentenced each to 50 years' imprisonment and five years of supervised release.

have participated in the conspiracy for the entire 13 years.  Thus, it was not error for Carvlin to refrain from making this argument.  *See Jameson v. Coughlin*, 22 F.3d 427, 429 (2d Cir. 1995) (Sixth Amendment does not require counsel to "press meritless arguments").  As petitioner cannot show that Carvlin's actions were either unreasonable or that he suffered prejudice as a result, he has not demonstrated that she provided him with ineffective assistance of counsel during his appeal.

### III

For the foregoing reasons, petitioner's motion to vacate his sentence pursuant to § 2255 is denied.  As he has not made a substantial showing of a denial of his constitutional rights, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.


**SO ORDERED.**

                                              _____
                                              FREDERIC BLOCK
                                              Senior United States District Judge

Brooklyn, New York
April 24, 2013